UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RONALD JESSE BROWNLEE,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SOUTH BEND INDIANA POLICE DEPT., ST. JOSEPH COUNTY,<br><br>Defendants. | CAUSE NO. 3:24-CV-540-HAB-AZ |

OPINION AND ORDER

Ronald Jesse Brownlee, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Brownlee alleges he was taken into custody at the St. Joseph County Jail on Tuesday, November 21, 2023.[1] He believes his rights were violated because he did not have an initial hearing in front of a magistrate judge until Monday, November 27, 2023.[2] He claims he was held in the South Bend County Jail for "unreasonable periods of time without being charged" and that by not having a hearing on Friday, November 24, 2023, "it would show that the initial hearing to see a magistrate prompted violated my Fourth Amendment was unreasonable exceeding twenty-four (24) hours without filing charges." ECF 1 at 2. He has sued the City of South Bend Police Department and St. Joseph County for "declaratory and injunctive 100,000 relief for the alleged unlawful practice of the Police Department of the City of South Bend Indiana in arresting individuals on suspicion and holding them for investigation periods exceeding 24 hours without filing charges." *Id.* at 4.

As an initial matter, the South Bend Police Department is not a suable entity for purposes of 42 U.S.C. § 1983. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). More importantly, he has not stated any viable claims. A "prompt" determination of probable cause following an arrest is required by the Fourth Amendment. *Mitchell v. Doherty*, 37 F.4th 1277, 1279–80 (7th Cir. 2022). The Seventh

---

[1] His booking date and time is listed as November 21, 2023, at 3:30 P.M. *See* St. Joseph County Jail's website "Inmate Search" for Ronald Brownlee at: https://sjcpd.org/jail/ (last visited Apr. 4, 2025).

[2] The court notes that November 21, 2023, was a Tuesday, with Thanksgiving falling on Thursday, November 23, 2023. Brownlee admits he was brought before a magistrate following the holiday weekend on Monday, November 27, 2023.

2

Circuit discussed the question of what "prompt" means by analyzing two key Supreme Court cases on the issue—*Gerstein v. Pugh*, 420 U.S. 103 (1975) and *Cty. of Riverside v. McLaughlin*, 500 U.S. 44 (1991). In *Riverside*, the county was sued for allegedly delaying probable cause determinations:

> The county provided probable-cause determinations within forty-eight hours for a business week but excluded weekends and holidays from this calculation. Thus, a person arrested over the Thanksgiving holiday could be held for seven days—arrested on a Tuesday with no hearing until the following Monday. The district court imposed an injunction mandating that all persons arrested be given a probable-cause determination within thirty-six hours, regardless of weekends or holidays. The Court of Appeals affirmed the order granting the injunction, and the county appealed.

*Mitchell*, 37 F.4th at 1280 (internal citations omitted). The Supreme Court reversed the injunction, noting that "[s]tates have a strong interest in promoting public safety, and the demands of federalism require flexibility and experimentation." *Id*. (internal quotation marks and citation omitted). Although a balancing of harms was recognized, the Court concluded that probable cause determinations made within forty-eight hours of an arrest will generally "comply with the promptness requirement of *Gerstein* . . .." *Id.*[3] (quoting *Riverside,* 500 U.S. at 56).[4]

---

[3] That said, if the probable cause determination is unreasonably delayed "for the purpose of gathering additional evidence to justify the arrest" or "motivated by ill will against the arrested individual," a plaintiff may still be able to prove a violation of the Fourth Amendment. *Mitchell*, 37 F.4th at 1280 (quoting *Riverside*, 500 U.S. at 56).

[4] The Court also noted that probable cause determinations and bail hearings/arraignments are distinct matters. *Mitchell*, 37 F.4th at 1279-81. Probable cause determinations may, but are not required to be, combined with bail hearings/arraignments. *Id*. at 1280 (citing *Riverside*, 500 U.S. at 58). Importantly, the Court held that the Fourth Amendment does not require bail hearings to be conducted within forty-eight hours. *Id*. at 1279–82, 89 (collecting cases and ultimately finding the bail hearing at issue—which was conducted sixty-eight hours after arrest—was constitutional).

3

The standard is effectively the same under the Indiana Constitution. "An individual detained following a warrantless arrest is entitled to a 'prompt' judicial determination of probable cause as a prerequisite to any further restraint on his liberty." *Stafford v. State*, 890 N.E.2d 744, 749 n.9 (Ind. App. 2008) (citing *Griffith v. State*, 788 N.E.2d 835, 840 (Ind. 2003) and *Gerstein*, 420 U.S. at 114). "[A] jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*." *Id.* (quoting *Riverside*, 500 U.S. at 56).[5]

To the extent Brownlee alleges the timing of the probable cause determination was unconstitutional, that claim fails. The state court electronic docket indicates a probable cause affidavit was filed on November 22, 2023, in connection with allegations against Brownlee for attempted murder, conspiracy to commit murder, aggravated battery, and battery by means of a deadly weapon. *See State of Ind. v. Brownlee*, cause no. 71D02-2311-F1-000015 (filed Nov. 22, 2023), available at: https://public.courts.in.gov/mycase (last visited Apr. 4, 2025).[6] A document—signed by a judge of the St. Joseph Superior Court on November 22, 2023, at 11:11 a.m.—

---

[5] Of note, the forty-eight hour reference applies specifically to a probable cause determination, which may be made separately from an initial hearing. Indiana Code Section 35-33-7-1(a) provides that a person who "is arrested without a warrant for a crime shall be taken promptly before a judicial officer: . . . in the county in which the arrest is made; or . . . of any county believed to have venue over the offense committed; for an initial hearing in court." Thus, the only requirement for an initial hearing is that it be "prompt."

[6] The court is permitted to take judicial notice of public documents in screening the complaint. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018); *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts."); *Mosley v. Ind. Dep't of Corr.*, No. 22-2722, 2024 WL 1651902, at *2 (7th Cir. Apr. 17, 2024) ("Proceedings in state court are proper subjects of judicial notice.").

indicates probable cause was found by the judge and that Brownlee was "to be held for initial bail hearing on the 27th day of November 2023 at 1:00 p.m." *See id.*; *see also attached Ex. A*.[7] The fact that Brownlee may not have been aware a judicial probable cause determination had already been made—within the forty-eight hours mandated by both the federal and Indiana Constitution—until the initial hearing occurred, does not transform it into a constitutional violation. There is no requirement that an arrestee be present when probable cause is decided. Because Brownlee received a judicial determination of probable cause within forty-eight hours—and, in fact, in less than twenty-four hours—of his arrest as contemplated in *Gerstein* and *Riverside*, he has not stated a viable claim.[8]

To the extent Brownlee alleges the timing of his bail/initial hearing was unconstitutional, that claim also fails. He was arrested late in the afternoon on Tuesday before the Thanksgiving holiday, and a probable cause determination was made the next day. He admits an initial hearing was subsequently held on Monday following the holiday weekend. As noted in *Mitchell*, "[s]tates must manage a large volume of bail hearings with limited resources. Requiring hearings to be held on weekends would force governments to raise revenue, expend money, and hire additional personnel."

---

[7] Because this document is available online to Indiana attorneys but not readily available online to the public—in the spirit of N.D. Ind. L.R. 7-1(f)—the clerk will be directed to attach a copy of this filing to this order.

[8] Brownlee states St. Joseph County has a policy of "arresting individuals on suspicion and holding them for investigation periods exceeding 24 hours without filing charges." ECF 1 at 4. However, as noted above, the state court record flatly contradicts this assertion as it pertained to Brownlee, and he does not allege any facts to support a viable *Monell* claim.

*Mitchell*, 37 F.4th at 1288. Even assuming the courthouse was open on the Friday after Thanksgiving, Brownlee's initial hearing was held less than seventy-two business hours after he was arrested, so it cannot be said the timing of that hearing was objectively unreasonable. *See id*. at 1289 (noting that "the Fourth Amendment does not require a bail hearing within forty-eight hours after arrest" and finding that a bail hearing held on a Monday following an arrest on Friday did not violate the Constitution). This claim must be dismissed as well.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court:

(1) DIRECTS the clerk to attach the November 22, 2023, document from the St. Joseph Superior Court to this order as Exhibit A; and

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state any viable claims.

SO ORDERED on April 4, 2025.

                                                s/ Holly A. Brady
                                                CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT